UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FRANCISCO FRANCO,

                    Petitioner,

      - against -

TODD M. LYONS, *et al.*,

                  Respondents.

**No. 26 Civ. 320 (DEH)**

---

**RESPONDENTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO TRANSFER THE CASE TO THE U.S. DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK, OR ALTERNATIVELY,
TO DISMISS WITHOUT PREJUDICE TO REFILING**

JAY CLAYTON
United States Attorney for the
Southern District of New York
Attorney for Respondents
86 Chambers Street, Third Floor
New York, New York 10007
Tel:    (212) 637-2743

BRANDON M. WATERMAN
Assistant United States Attorney
     – Of Counsel –

**Preliminary Statement**

The petitioner brings this habeas action under 28 U.S.C. § 2241 to challenge his detention by U.S. Immigration and Customs Enforcement ("ICE"). But this Court is not the proper forum for this habeas action. Federal district courts possess limited authority to grant writs of habeas corpus within their respective jurisdictions. As the Supreme Court has explained, for challenges to detention, "jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). And "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Id.* at 435.

The petitioner was not present or detained within the Southern District of New York at the time this action was filed. Rather, at the time the petition was filed, the petitioner was detained at the Nassau County Correctional Center in East Meadow, New York, which is located within the Eastern District of New York. The petitioner's location at the time of filing is dispositive. Thus, this Court did not acquire habeas jurisdiction over this matter, and venue is improper in this district.

Accordingly, this Court should transfer this action to the U.S. District Court for the Eastern District of New York, or alternatively, dismiss it without prejudice to refiling in the proper court. If the Court decides to transfer the case, to minimize any delay, the government respectfully requests that the Court waive the seven-day waiting period contained in Local Civil Rule 83.1.

**BACKGROUND**

In November 2009, Francisco Franco ("Petitioner"), a citizen of Mexico, was apprehended by U.S. Border Patrol and was processed for expedited removal; he was removed from the United States to Mexico the following day. *See* Declaration of Deportation Officer Michael Damiano ("Damiano Decl.") ¶ 3. Petitioner later unlawfully re-entered the United States at an unknown time and place. *Id.* ¶ 4. On January 13, 2026, Petitioner was arrested by ICE on Long Island, New

York, after officers determined that he was illegally present in the United States. *Id.* ¶ 5. ICE transported Petitioner for processing to ICE offices at the Nassau County Correctional Center in East, Meadow, New York. *Id.* During processing, ICE reinstated Petitioner's removal order. *Id.* After completion of post-arrest processing, Petitioner was booked into the Nassau County Correctional Center later the same day. *Id.* ¶ 6. Petitioner remained at that facility until January 16, when he was transferred to the Delaney Hall Detention Facility in Newark, New Jersey, where he remains as of today's date. *Id.* ¶ 7.

On January 14, 2026, Petitioner filed the instant habeas petition under 28 U.S.C. § 2241, while Petitioner was physically present and detained at the Nassau County Correctional Center in East Meadow, New York.[1]  Pet. (ECF No. 1); Damiano Decl. ¶¶ 5-7.  The habeas petition challenges his immigration detention as unlawful, and he seeks an order from this Court requiring ICE to immediately release him. *See generally* Pet. (ECF No. 1).

---

[1] The habeas petition incorrectly alleges that at the time of filing, Petitioner was being detained at ICE's New York office located at 26 Federal Plaza, New York, New York. Pet. ¶ 3. As set forth above and in the supporting ICE declaration, Petitioner was not brought to 26 Federal Plaza after he was arrested; instead, he was processed at ICE's offices at the Nassau County Correctional Center after being arrested on Long Island, and he was held at the Nassau County facility from January 13 to January 16. *See* Damiano Decl. The petition also asserts that venue is proper in this Court "because Petitioner is detained under the jurisdiction of the New York City office of ICE." Pet. ¶ 15. This position lacks support in law. The Supreme Court unambiguously rejected the legal control theory, explaining that, "[i]n challenges to present physical confinement, we reaffirm the immediate custodian, not a supervisory official who exercises legal control is the proper respondent." *Padilla*, 542 U.S. at 437-39. And as noted in the text above, the Supreme Court made clear that "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent *and file the petition in the district of confinement*." *Id.* at 447 (emphasis added); *see also supra* at nn. 2, 3.

## ARGUMENT

## THE COURT SHOULD TRANSFER THIS ACTION TO
## THE EASTERN DISTRICT OF NEW YORK OR ALTERNATIVELY DISMISS IT

**A.     Venue is Improper in this Court**

A habeas petition brought under 28 U.S.C. § 2241 challenging detention must be both (i) brought against the immediate custodian and (ii) filed in the district in which the petitioner is detained.  Venue is improper in the Southern District of New York because Petitioner was not detained in this district at the time he filed his habeas petition.  Damiano Decl. ¶¶ 5-7.  Rather, Petitioner filed the habeas petition in this Court while Petitioner was physically present and detained at the Nassau County Correctional Center in East Meadow, New York.  *Id.*; Pet. (ECF No. 1).  Consequently, this Court lacks habeas jurisdiction over this action, as venue is improper in Southern District of New York.  The Court should thus either transfer this action to the U.S. District Court for the Eastern District of New York or dismiss it without prejudice to refiling.

The Supreme Court has made clear that in "core" habeas petitions—*i.e.*, petitions like the instant one that challenges the petitioner's present physical confinement—the petitioner must file the petition in the district in which he is confined (*i.e.*, the district of confinement) and name his warden as the respondent.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 437 (2004).  In *Padilla*, the Supreme Court described habeas petitions challenging a petitioner's present physical confinement (*i.e.*, detention) as "core" habeas petitions.  *Id.* at 445.  For review of such "core" petitions, "jurisdiction lies in only one district: the district of confinement."  *Id.* at 443.  Accordingly, "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of

confinement."[2]  *Id.* at 447; *see also id.* at 443 (explaining that "[t]he plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement").

In embracing the "immediate custodian" rule, the Supreme Court explained that limiting a district court's jurisdiction to issue a writ to custodians within their jurisdiction "serves the important purpose of preventing forum shopping by habeas petitioners."  *Padilla*, 542 U.S. at 447 (observing that the result of disregarding the immediate custodian rule "would be rampant forum shopping, district courts with overlapping jurisdiction, and the very inconvenience, expense, and embarrassment Congress sought to avoid when it added the jurisdictional limitation [in 1867]").

Although *Padilla* addressed a habeas petition outside of the immigration context, the Supreme Court recently applied *Padilla* to a case within the immigration context in *Trump v. J.G.G.*, 604 U.S. 670 (2025).  There, the Supreme Court held that for actions challenging immigration detention, they must be brought in habeas and filed in the district of confinement. *J.G.G.*, 604 U.S. at 672 ("For core habeas petitions, jurisdiction lies in only one district: the district of confinement." (cleaned up)).[3]

---

[2] In adopting the "immediate custodian" rule, the Supreme Court rejected the "legal reality of control" standard and held that legal control does not determine the proper respondent in a habeas petition that challenges present physical confinement.  *See Padilla*, 542 U.S. at 437-39; *see also id.* at 439 ("In challenges to present physical confinement, we reaffirm that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent.").

[3] Even before this ruling, a "clear majority of district courts" within the Second Circuit applied "the immediate custodian rule to habeas petitions filed by incarcerated aliens challenging their physical detention prior to deportation."  *Guo v. Napolitano*, No. 09 Civ. 3023 (PGG), 2009 WL 2840400, at *3 (S.D.N.Y. Sept. 2, 2009) (collecting cases); *see also, e.g., Darboe v. Ahrendt*, 442 F. Supp. 3d 592, 594 (S.D.N.Y. 2020) ("Although *Padilla* did not specifically address its default rule in the immigration habeas context, and there is no direct Second Circuit authority on this issue, an overwhelming majority of courts in this District have applied *Padilla*'s default rule to 'core' habeas challenges in the immigration context."); *Andoh v. Barr*, No. 19 Civ. 8016 (PAE), 2019 WL 4511623, at *2 (S.D.N.Y. Sept. 18, 2019) ("The substantial majority of judges in this

Because Petitioner was not detained within the Southern District of New York at the time he filed this habeas petition, this Court lacks habeas jurisdiction over this matter and venue is not proper in the Southern District of New York. *See Padilla*, 542 U.S. at 447 ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."); *accord J.G.G.*, 604 U.S. at 672 ("For core habeas petitions, jurisdiction lies in only one district: the district of confinement." (cleaned up)); *Khalil v. Joyce*, 771 F. Supp. 3d 268, 280–86 (S.D.N.Y. 2025) (holding that court lacked habeas jurisdiction where petitioner was transferred from 26 Federal Plaza to a facility in the District of New Jersey prior to filing of the petition); *accord Llugsha v. Doe*, No. 25 Civ. 9373 (MMG), 2025 WL 3470056, at *1 (S.D.N.Y. Dec. 3, 2025) (same); *Torres v. Francis*, No. 25 Civ. 9573 (ALC), 2025 WL 3459712, at *1 (S.D.N.Y. Dec. 2, 2025) (same).

Consequently, the Court should either transfer the petition forthwith to the U.S. District Court for the Eastern District of New York, or alternatively, dismiss the action without prejudice to refiling.[4] *See, e.g.*, *Khalil*, 771 F. Supp. 3d at 291 (transferring habeas case to the District of

---

District to consider this question have reached the same conclusion, holding that a [petitioner] detained in New Jersey who seeks to challenge his detention, even if under the supervision of ICE personnel in this District, must bring a habeas action in the District of New Jersey.").

[4] While Petitioner has since been transferred to a detention center in New Jersey, the Eastern District of New York remains the proper venue for this action because he was detained in that district at the time of filing. *See Khalil*, 771 F. Supp. 3d at 291 (transferring case to the District of New Jersey—where the petitioner was detained at the time the petition was filed—and not to the Western District of Louisiana, where the petitioner was subsequently transferred). Indeed, in *Öztürk v. Hyde*, the Second Circuit acknowledged the Supreme Court's general rule for core habeas challenges that "jurisdiction lies in only one district: the district of confinement," and explained that "[a]t the time the petition was filed, that 'one district' was the District of Vermont, where Öztürk was in transit to an ICE facility for the night. Vermont is therefore the *only* district in which the petition could have been brought at the time it was filed." *Öztürk v. Hyde*, 136 F.4th 382, 391 (2d Cir. 2025) (emphasis in original). That Öztürk was later transferred to a detention facility in Louisiana after the habeas petition was improperly filed in the District of Massachusetts was of no moment: the Second Circuit determined that venue was proper in the District of Vermont, as that was where Öztürk was located at the time the habeas petition was filed.

New Jersey under 28 U.S.C. § 1631 "given that the District of New Jersey is the one and only district in which [the petitioner] could have filed his Petition when he did"); *Singh v. Decker*, 20 Civ. 9089 (JPC), 2021 WL 23328, at *5 (S.D.N.Y. Jan. 4, 2021) ("Since the Petition should have been brought in the first instance in the United States District Court for the District of New Jersey, the Court finds that it is in the best interest of justice to transfer this action pursuant to 28 U.S.C. § 1406(a).").

## CONCLUSION

For the foregoing reasons, the Court should either transfer this action to the U.S. District Court for the Eastern District of New York, or alternatively, dismiss it without prejudice to refiling.[5]

Dated:    January 17, 2026

                                  Respectfully submitted,

                                  JAY CLAYTON
                                  United States Attorney
                                  Southern District of New York
                                  *Attorney for Respondents*

            By:       */s/ Brandon M. Waterman*
                                  BRANDON M. WATERMAN
                                  Assistant United States Attorney
                                  86 Chambers Street, 3rd Floor
                                  New York, New York 10007
                                  Tel.: (212) 637-2743
                                  brandon.waterman@usdoj.gov

---

[5] Should the Court transfer the case, to minimize any delay in having the case heard in the proper forum, the government respectfully requests that the Court waive the seven-day waiting period contained in Local Civil Rule 83.1.

6