

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*610 Federal Plaza*
*Central Islip, New York 11722*

January 30, 2026

Honorable Sanket J. Bulsara
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:  *Franco v. Lyons, et al.,* No. 26-CV-508 (Bulsara, J.)

Dear Judge Bulsara:

This Office, on behalf of the Respondents, respectfully submits this letter and accompanying Declaration in response to the Court's January 29, 2026 Order and in response to the Petition (Docket Entry ("DE") #1) filed by Franciso Franco ("Petitioner") for release from custody by Immigration and Customs Enforcement ("ICE") and to stay removal while he pursues two forms of immigration relief: (1) the Unlawful Presence Waiver under 8 U.S.C. § 1182(a)(9)(B)(v); and (2) Cancelation of Removal for Nonpermanent Residents ("Cancelation of Removal") under 8 U.S.C. § 1229b(b). DE #1, ¶ 24.

For reasons set forth below, the Court (1) should deny Petitioner's request for a stay of removal; (2) dissolve the previously-issued stay of removal; and (3) deny Petitioner's request for release from confinement.

**Petitioner's Current Location**:

As discussed in the attached Declaration of Michael Damiano, dated January 30, 2026, ("Decl."), Petitioner was arrested on January 13, 2026 and transported to the Nassau County ICE Intake Center for processing. Petitioner was then placed in custody at the Nassau County Corrections Center. On January 16, 2026, Petitioner was transferred to the Delaney Hall Detention Facility ("DHDF") in Newark, New Jersey and booked into the facility at approximately 11:30 p.m. On January 29, 2026, Petitioner was transferred to the Metropolitan Detention Center, where he remains detained.

**Petitioner's Immigration History**

Petitioner entered the United States on November 9, 2009 across the southern border and was encountered by U.S. Customs and Border Protection ("CBP"), placed in expedited removal proceedings and removed on November 10, 2009. Decl. at ¶ 3, Exhibit A. Petitioner was encountered again on December 2, 2009 after crossing the border illegally, placed in expedited

removal proceedings and removed on December 3. 2009. *Id*. at ¶ 4, Exhibit B. Upon encountering Petitioner on January 13, 2026, ICE and CBP officers determined Petitioner was in the United States illegally. He was provided with a Form I-205 Warrant of Arrest and I871 Notification of Intent/Decision to Reinstate Prior Order. Decl at Exhibits D and E.

**Petitioner's Habeas Petition**

Petitioner alleges that he is a native and citizen of Mexico. DE 1, ¶ 16. He claims that he is "statutorily eligible" for two forms of relief which "would grant him legal permanent residence." *Id.* at ¶ 24. The two statutes upon which he relies are the: 1) Unlawful Presence Waiver under 8 U.S.C. § 1182(a)(9)(B)(v); and (2) Cancelation of Removal for Nonpermanent Residents ("Cancelation of Removal") under 8 U.S.C. § 1229b(b). *Id*. at ¶¶ 24-28. In support of this proposition, Petitioner cites *Calderon v. Sessions*, 330 F. Supp. 3d 944 (S.D.N.Y. 2018). *Id*. at ¶ 29. Petitioner admits that he has not applied for Cancelation of Removal, but he will file "shortly." *Id*. at ¶ 31. Upon the filing of the Petition, the District Court for the Southern District of New York issued a stay of removal, pending the outcome of the petition. *See* DE 11.

## ARGUMENT

## I. CONGRESS HAS STRIPPED DISTRICT COURTS OF JURISDICTION OVER PETITIONER'S REQUEST FOR A STAY OF REMOVAL

The Court should deny Petitioners' request for a stay of removal, and dissolve the stay of removal issued in the Southern District, because Congress has enacted jurisdiction-stripping statutes that preclude the district courts from granting such a stay.

### A. The Request To Stay Removal Is Jurisdictionally Barred By 8 U.S.C. §§ 1252(a)(5) And 1252(b)(9) As A Challenge To Petitioner's Order Of Removal

First, 8 U.S.C. § 1252(a)(5) provides in relevant part that "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal." As a corollary to § 1252(a)(5), 8 U.S.C. § 1252(b)(9) provides that "[j]udicial review of all questions of law and fact" arising from a removal proceeding "shall be available only in judicial review of a final order" of removal, and "no court shall have jurisdiction . . . by any other provision of law . . . to review such an order or such questions of law or fact." Thus, section 1252(a)(5) gives the courts of appeals exclusive jurisdiction over review of final orders of removal. *Ruiz-Martinez v. Mukasey,* 516 F.3d 102, 105 (2d Cir. 2008). The "clear intent'" of Congress in enacting § 1252(a)(5) was "'to have all challenges to removal orders heard in a single forum,' i.e., the courts of appeals." *Spina v. DHS*, 470 F.3d 116, 124 (2d Cir. 2006) (quotation omitted). "'[T]aken together, § 1252(a)(5) and § 1252(b)(9) mean that *any* issue – whether legal or factual – arising from *any* removal-related activity can be reviewed *only* through' a petition for review filed with an appropriate court of appeals." *Asylum Seeker Advocacy Project v. Barr*, 409 F. Supp. 3d 221, 224 (S.D.N.Y. 2019) (quoting *J.E.F.M. v. Lynch*, 837 F.3d 1026, 1031 (9th Cir. 2016)

(emphasis by *J.E.F.M.*)); *accord Rodriguez v. Warden, Orange County Correctional Facility*, No. 23-cv-242, 2023 WL 2632200, at *4 (S.D.N.Y. Mar. 23, 2023).

The Second Circuit has construed §§ 1252(a)(5) and 1252(b)(9) broadly to preclude district courts from exercising subject matter jurisdiction over an action that even "indirectly challeng[es]" an order of removal. *Delgado v. Quarantillo*, 643 F.3d 52, 55 (2d Cir. 2011). In determining whether an action challenges an order of removal, the Second Circuit looks to "the substance of the relief that [the] plaintiff is seeking." *Id.*

*Delgado* is instructive. Delgado was subject to the same type of final removal order as Petitioner here, *i.e.* the reinstatement of an expedited removal order. Delgado filed an action in district court to compel United States Citizenship and Immigration Services ("USCIS") to adjudicate her application for a waiver of inadmissibility. *Id.* at 53-54. The Second Circuit held that §§ 1252(a)(5) and 1252(b)(9) precluded the district court from exercising jurisdiction over the action, because the action was a challenge to the order of removal: if USCIS were ordered to adjudicate the application, and were to grant the waiver, she would satisfy a necessary requirement for adjustment of status, and if she then succeeded in having her status adjusted, her removal order would be rendered invalid. *Id.* at 55;[1] *accord, Singh v. USCIS*, 878 F.3d 441, 445-46 (2d Cir. 2017) (§ 1252(a)(5) precluded the district court from exercising jurisdiction over an action to compel USCIS to adjudicate the merits of the plaintiff's application for adjustment of status because ordering USCIS to consider that application could lead USCIS to approve that application, which in turn would lead to the nullification of his removal order); *Lopez Galvez v. Noem*, 25-cv-3229, 2025 WL 1823549, at *1 (E.D.N.Y. July 1, 2025) (Seybert, J.) ("§ 1252(a)(5) is a jurisdictional bar to [the court's] consideration of Petitioner's indirect challenge" to her removal order); *Leybinsky v. USCIS,* No. 19-cv-6154, 2021 WL 4407829, at *3-4 (E.D.N.Y. Sept. 26, 2021); (§ 1252(a)(5) barred claim for district court order vacating the plaintiff's order of removal).

Consistent with *Delgado*, many judges in this District and other judges in this Circuit have held that § 1252(a)(5)'s bar on challenges to removal orders preclude district courts from hearing a claim for a stay of removal. Some of these decisions also cite § 1252(b)(9). *Sauceda Henriquez v. Noem*, 25-cv-7023, 2026 WL 111665, at *4 (E.D.N.Y. Jan. 15, 2026) (DeArcy Hall, J.) §§ 1252(a)(5) and 1252(b)(9) stay of removal while the court considered the habeas petition), *appeal filed* January 29, 2026,*Metreveli v. Flanagan*, 25-cv-8039, 2025 WL 3496754, at *4-5 (S.D.N.Y. Dec. 5, 2025) (§§ 1252(a)(5) and 1252(b)(9) barred motion for stay of removal); *Villatoro v. Noem*, No. 25-cv-5306, 2025 WL 2880140, at *4 (E.D.N.Y. Oct. 9, 2025) (Merchant, J.) (concluding that § 1252(a)(5) bars claims for a stay of removal because a stay would invalidate the removal order); *Lin v. Borgen*, No. 25-cv-5618, 2025 WL 2158874, at *3 (S.D.N.Y. July 30, 2025) (concluding that §§ 1252(a)(5) and 1252(b)(9) jurisdictionally bar, *inter alia,* motion to stay execution of removal order); *Perez v. United States*, Nos. 25 Civ. 3400, 09 Cr.159, 2025 WL 1558578, at *3 (S.D.N.Y. June 3, 2025) (denying application for stay of removal as barred by § 1252(a)(5)); *Oriakhi v. DHS*, 762 F. Supp. 3d 183, 185-86 (E.D.N.Y. 2025) (Matsumoto, J.) (dismissing as barred by § 1252(a)(5) action in which the petitioner, *inter alia*, sought a stay of removal (citing *Delgado*, 643 F.3d at 55 and *Singh*, 878 F.3d at 445-46), *appeal pending*, No. 25-243 (2d Cir.); *Noor v. Homan*, 17-cv-1558, 2018 WL 1313233, at *3 (E.D.N.Y. Feb. 26, 2018)

---

[1] The Second Circuit also held that, due to the §§ 1252(a)(5) and 1252(b)(9) jurisdictional bars, there was no federal question jurisdiction for the two claims brought by Delgado, *i.e.*, claims under the Administrative Procedure Act and the Mandamus Act. *Id.*

(Kuntz, J.) (holding that § 1252(a)(5) "bars a wide range of claims that were held to constitute challenges to removal orders, including requests for stays of removal . . ." (citing *Delgado*, 643 F.3d at 55); *Joseph v. U.S. Attorney General*, No. 17-CV-5008, 2017 WL 6001776, at *1 (E.D.N.Y. Dec. 4, 2017) (Chen, J.) ("Since District Courts cannot review removal orders, they also cannot consider requests for stays of removal."; citing § 1252(a)(5)); *Akhuemokhan v. Holder*, No. 12-cv-1181, 2013 WL 6913170, at *2 (E.D.N.Y. Dec. 30, 2013) (Bianco, J.) ("to the extent petitioner . . . is seeking a stay of, or any other relief from, his order of removal, this Court lacks jurisdiction to grant such relief"; citing § 1252(a)(5)); *Royale v. INS*, No. 10-cv-2105, 2010 WL 2348651, at *1 (E.D.N.Y. June 9, 2010) (Matsumoto, J.) (district courts lack "jurisdiction to stay an order of . . . removal"; citing § 1252(a)(5)); *Scott v. Napolitano*, 618 F. Supp. 2d 186, 191-92 (E.D.N.Y. 2009) (Vitaliano, J.) (§§ 1252(a)(5) and 1252(b)(9) bar action to stay a removal order).

*Villatoro* involved facts similar to this action. Villatoro, asserting claims under, *inter alia*, the Due Process Clause and the APA, sought a stay of removal pending the adjudication of his application for a visa. The Honorable Orelia E. Merchant denied the petition as seeking relief barred by § 1252(a), holding that in asserting his right to a stay, Villatoro "is indirectly challenging his removal order". *Villatoro*, 2025 WL 28980140, citing *Singh*, 878 F.3d at 445 and *Delgado*, 643 F.3d at 55.

Relatedly, and also instructive, in *Asylum Seeker*, the plaintiff organizations challenged the validity of *in absentia* removal orders and sought, *inter alia*, a stay of removal to last until the individuals subject to those orders were given an administrative hearing on motions to vacate those orders. *Asylum Seeker* held that the claims were barred by §§ 1252(a)(5) and 1252(b)(9) as indirect challenges to removal orders because the plaintiffs' "'ultimate goal' is to challenge the removal orders themselves." *Asylum Seeker*, 409 F. Supp. 3d at 225, 227 (quoting *Delgado*, 643 F.3d at 55).

Notably, the § 1252(a)(5) jurisdictional bar encompasses claims predicated on violations of the United States Constitution. *Delgado* applied the bar to Due Process and Equal Protection claims. *Delgado*, 643 F.3d at 54-55. Post-*Delgado,* several district courts have dismissed actions for a stay of removal predicated on a claim that removal would violate the Due Process Clause. *Metreveli*, 2025 WL 3496754, at *2, 4-5; *Villatoro*, 2025 WL 28980140; *Oriakhi*, 762 F. Supp. 3d at 185-86; *Tavares-Tejada v. Mayorkas*, No. 22-cv-918, 2022 WL 17413607, at *5 (W.D.N.Y. Dec. 5, 2022); *Asylum Seeker*, 409 F. Supp. 3d at 225-27.[2]

---

[2] The few decisions to the contrary in this Circuit are inconsistent with the Second Circuit's decision in *Delgado*. One such case, *S.N.C. v. Sessions*, 18 Civ. 7680, 2018 WL 6175902, at *4-5 (S.D.N.Y. Nov. 26, 2018), incorrectly held that § 1252(a)(5) did not bar a stay of removal during the pendency of S.N.C.'s visa application because "[t]his is not a case where permitting adjudication of [that] application *inevitably* would nullify her removal order." *Id.* at 4 (emphasis added). This is incorrect: the Second Circuit has made it clear that a lawsuit is a challenge to a removal order barred by §§ 1252(a)(5) and 1252(b)(9) even if the lawsuit seeks relief that would *not* "inevitably" nullify the removal order. Thus, in *Delgado*, the Second Circuit held that § 1252(a)(5) barred Delgado's claim for an order directing USCIS to adjudicate her waiver application, even though her removal order would not be nullified unless (1) USCIS were to grant the waiver; (2) she were to thereafter file an application for adjustment of status; *and* (3) USCIS were to approve that application. *Delgado*, 643 F.3d at 54-55. *S.N.C.*'s holding concerning § 1252(a)(5) is therefore flatly inconsistent with controlling Second Circuit authority.

Equally incorrect is *Calderon v. Sessions*, 330 F. Supp.3d 944, 955-56 (S.D.N.Y.2018), which held that §§ 1252(a)(5) and 1252(b)(9) did not bar a stay of removal, reasoning that Calderon had conceded the validity of his removal order and sought a stay only to seek a waiver of removal. That holding is incorrect; *Asylum Seeker* criticized it by perceptively noting that "the holding . . . ultimately seems to rest on 'the fiction' that the petitioner there was

Thus, Petitioner's motion for a stay of removal is a challenge to his removal order – at minimum, an indirect one -- that is barred by §§ 1252(a)(5) and 1252(b)(9). *Delgado*, 643 F.3d at 55; *Asylum Seeker*, 409 F. Supp. 3d at 225; *Scott*, 618 F. Supp. 2d at 191-92.

**B.      The Motion to Stay Removal Is Jurisdictionally Barred By 8 U.S.C. § 1252(g) As A Challenge To The Execution Of A Removal Order**

Another Congressionally-enacted jurisdictional bar independently precludes review. 8 U.S.C. § 1252(g) in relevant part provides that, with exceptions not relevant here, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action . . . to execute removal orders against any alien under this chapter." Section 1252(g) thereby precludes district courts from issuing an order that would prevent or hinder ICE from executing a removal order, *i.e.*, removing an individual who is the subject of a final order of removal. *Troy as Next Friend Zhang v. Barr*, 822 Fed. Appx. 38, 39 (2d Cir. 2020).

For example, Troy sought a stay of removal on behalf of a foreign national, whom ICE was allegedly seeking to remove in retaliation for his commencing an action against his employer for unpaid wages. Citing § 1252(g), the Second Circuit held that the "request for a stay was outside the [district] court's jurisdiction." *Troy*, 822 Fed. Appx. at 39-40. Consistent with *Troy*, district courts in this Circuit have held that § 1252(g) bars claims for stays of removal. *Metreveli,* 2025 WL 3496754, at *6 (stay barred, *inter alia,* by § 1252(g)); *K.K. v. Garland*, No. 23-cv- 6281, 2025 WL 274431, at *2 (W.D.N.Y. Jan. 23, 2025), *appeal dismissed sub nom. K.K. v. Bondi*, No. 25-

---

'not challenging the execution of [his] removal order[ ] by seeking to stay it'" and concluding that the "Court is unable (and unwilling) to indulge in that fiction here." *Asylum Keeper*, 409 F. Supp. 3d at 227 (quoting *Ashqar v. Hott*, No. 19-cv-716, 2019 WL 2712276, at *4 (E.D. Va. June 5, 2019)) (alterations by *Asylum Seeker*). *See also Lin*, 2025 WL 2158874, at *5 (criticizing *Calderon*).

Also incorrect is *You v. Nielsen*, 321 F. Supp. 3d 451, 457-58 (S.D.N.Y. 2018), which held that §§ 1252(a)(5) and 1252(b)(9) did not bar that action because You's deadline to file a petition for review had expired. *Id.* at 459. That holding is wrong because the text of those statutes contains no exception for cases in which that deadline has expired. Courts "may not engraft [their] own exceptions onto the statutory text." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 70 (2019) (the Federal Arbitration Act's provision allowing parties to a contract to specify that the arbitrator can decide the threshold issue of arbitrability is not subject to an exception that allows a court to decide that issue if the argument for arbitrability is "wholly groundless" because no such exception appears in the text of the statute). For its holding concerning §§ 1252(a)(5) and 1252(b)(9), *You* relied on a portion of *Jennings v. Rodriguez*, 583 U.S. 281, 293 (2018), that represented the views of only three of the eight justices who took part in the decision of that case. That *Jennings* plurality construed § 1252(b)(9) as not barring a challenge to the length of the respondents' detention during the course of their removal proceedings because that detention did not "aris[e] from" actions taken to remove him for purposes of that statute. *Id.* The plurality stated that a contrary construction would lead to "absurd" results that would bar judicial review of claims tangentially related to the final orders of removal, such as claims for personal injuries suffered by a person while in detention during the course of removal proceedings and the like. *Id.* at 293-94. Notably, the plurality opinion expressly limited its scope by stating that it did not "provide a comprehensive interpretation of § 1252(b)(9)" and that "the respondents are not asking for review of an order of removal; are not challenging the decision to detain them . . . or to seek removal . . . and are not even challenging any part of the process by which their removability will be determined." *Id.* at 294. As *Asylum Keeper* correctly held, the plurality's "reasoning does not preclude the application of Section 1252(b)(9), (or for that matter, Section 1252(a)(5)) to this case, where Plaintiffs seek to temporarily bar the Government from executing removal orders that it has *already* obtained, as such relief arises from the removal orders themselves." *Asylum Seeker*, 409 F. Supp. 3d at 226 (emphasis in original); *accord Metreveli* 2025 WL 3496754, at *5; *Tavares-Tejada,* 2022 WL 17413607, at *5. *Torres-Jurado v. Biden*, No. 19 Civ. 3595, 2023 WL 7130898, at *2-3 (S.D.N.Y. Oct. 29, 2023), which was decided by the same judge as *You*, incorrectly construed §§ 1252(a)(5) and 1252(b)(9) for the same reasons as *You.*

190 (2d Cir Apr. 8, 2025), held that § 1252(g) barred K.K.'s claim for a stay of removal until his visa applications were adjudicated. *Id.*; *accord Tavares-Tejada*, 2022 WL 17413607, at *5 (same); *Jimenez Perez*, 2025 WL 1558578, at *3 (claim for a stay of removal barred, *inter alia*, by § 1252(g)); *Oliveira Jimenez v. Searls*, No. 22-cv-960, 2023 WL 11156340, at *3-4 (W.D.N.Y. Feb. 28, 2023) (same); *Vasquez v. United States*, No. 15-cv-3946, 2015 WL 4619805, at * 3-4 (S.D.N.Y. Aug. 3, 2015) (same); *Nieto-Ayala*, 2011 WL 3918156, at *4, n.2 (same).

Notably, § 1252(g) bars *all* claims challenging the execution of a removal order, so the bar is not limited to claims that challenge ICE's discretionary conduct, and therefore also includes challenges to conduct that allegedly violates federal law, including without limitation a provision of the United States Constitution. *See, e.g.*, *Reno v. Arab-American Anti-Discrimination Committee*, 525 U.S. 471, 488 (1999) (§ 1252(g) barred First Amendment challenge to deportation)*; Jean-Baptiste v. Reno*, 144 F.3d 212, 214, 218 (2d Cir. 1998) (§ 1252(g) barred Fifth Amendment due process challenge to deportation); *K.K.*, 2025 WL 274431, at *2 (dismissing action alleging violations of "various constitutional, statutory and regulatory provisions") (citing, *inter alia, Rauda v. Jennings*, 55 F.4th 773, 777-78 (9th Cir. 2022), *Camarena v. Director, I.C.E.*, 988 F.3d 1268, 1274 (11th Cir. 2021), *E.F.L. v. Prim*, 986 F.3d 959, 965 (7th Cir. 2021)); *accord*, *Tazu v. Attorney General*, 975 F.3d 292, 297 (3d Cir. 2020). "Otherwise, § 1252(g) would be a paper tiger; any petitioner challenging the execution of a removal order could characterize his or her claim as an attack on [ICE']s 'legal authority" to execute the order and thereby avoid § 1252(g)'s bar." *E.F.L.*, 986 F.3d at 965 (affirming dismissal of action that challenged, on due process and statutory grounds, the execution of a removal order).

*Vasquez* is instructive: Vasquez argued that the court had jurisdiction over her claim for a stay of removal because she was "challenging the constitutionality of the actions of federal officials." *Vasquez*, 2015 WL 4619805, at *4. The court rejected that argument, holding that jurisdiction was barred because "the relief sought by the current motion is a stay of her removal". *Id.* (dismissing, as barred by § 1252(g), action that alleged, *inter alia*, procedural and substantive due process claims); *accord Tavares-Tejada*, 2022 WL 17413607, at *4-5 (same); *see also Rodriguez v. Warden*, 2023 WL 2632200, at *4 (same for due process challenge to detention of individual for the purpose of removing him).

The holdings of those decisions are fully consistent with Supreme Court case law on statutory construction. Section 1252(g) by its terms bars "*any* cause or claim" (emphasis added). The Supreme Court, in construing 8 U.S.C. § 1252(a)(2)(B) -- like § 1252(g), enacted as part of § 306 of the Illegal Immigration Reform and Immigration Responsibility Act of 1996, Pub. L. No. 104-208, Div. C, 110 Stat. 3009-546 (1996) ("IIRIRA") -- held that "the word 'any' has an expansive meaning." *Patel v. Garland*, 596 U.S. 328, 338 (2022) (quotation omitted). *Patel's* construction of "any" in § 1252(a)(2)(B) applies with special force to the use of the same word in § 1252(g) because of "the normal rule of statutory construction that identical words used in different parts of the same act are intended to have the same meaning". *See Gustafson v. Alloyd Co. Inc.*, 513 U.S. 561, 570 (1995) (internal quotation marks omitted). Thus, § 1252(g) bars any and all types of claims that challenge the execution of a removal order, including without limitation claims alleging violations of federal law.

Additional Supreme Court jurisprudence on statutory construction confirms that the § 1252(g) bar is not limited to claims that challenge ICE's discretionary conduct. Section 1252(g)'s wording contains no such limitation, and courts "may not engraft [their] own exceptions

onto the statutory text." *Schein*, 586 U.S. at 70. Notably, the Congress that enacted IIRIRA knew how to limit a jurisdiction-stripping statute's reach to discretionary matters when that Congress wished to do so. The aforementioned § 1252(a)(2)(B) bars challenges "to (i) any judgment regarding the granting of relief under [specified statutes], or (ii) any other decision or action . . . which is specified in this subchapter to be *in the discretion of* the Attorney General or the Secretary of Homeland Security [with one specified exception]" (emphasis added). Section 1252(g), by contrast, does *not* include any language limiting its reach to discretionary matters, and thus cannot be construed to include such a limitation. *See Hardt v. Reliance Life Ins. Co.*, 560 U.S. 242, 251-52 (2010). In *Hardt,* the Supreme Court held that a party need not be a prevailing party in order to recover attorney's fees under one subsection of a statute, because the wording of that subsection included no prevailing-party requirement, while the wording of another subsection of the same statute did include such a requirement. *Id.* The Supreme Court described the court of appeals' reading a prevailing-party requirement into the first subsection as akin to "'invent[ing] a statute rather than interpret[ing] one.'" *Id.* (quoting *Pasquantino v. United States*, 544 U.S. 349, 359 (2005) (alterations by *Hardt*); *accord Romang Fasteners, Inc. v. Fossil, Inc.*, 590 U.S. 212, 215 (2020) ("read[ing] into statutes words that aren't there . . . [is] a temptation that we are doubly careful to avoid when Congress has . . . included the term in question elsewhere in the very same statutory provision"; declining to construe one subsection of a statute as requiring the plaintiff to prove intent in order to prevail because, unlike that subsection, another subsection of the same statute expressly required proof of intent); *see also Astrue v. Ratliff*, 560 U.S. 586, 596 (2010) (in holding that the Equal Access to Justice Act ("EAJA") does not provide for payment of attorney's fees directly to the attorney, the Supreme Court contrasted EAJA with the Social Security Act, which expressly provides for such direct payment).[3] In sum, § 1252(g) independently bars district court orders staying removal, regardless of whether Petitioners challenge discretionary conduct.[4]

The Court should therefore deny Petitioners' request for a stay of removal and dissolve the stay of removal issued in the Southern District.

## II. THE COURT SHOULD DENY PETITIONER'S REQUEST FOR RELEASE FROM DETENTION

### A. The Court is Jurisdictionally Barred from Granting this Request

Several district courts in this Circuit have held that §§ 1252(a)(5), 1252(b)(9) and/or 1252(g) bar claims to enjoin ICE from detaining an individual for the purpose of removal. In *Sauceda Henriquez v. Noem*, 25-cv-7023, 2026 WL 111665, at *4 (E.D.N.Y. Jan. 15, 2026) (DeArcy Hall, J.), *appeal filed* January 29, 2026, ICE detained the petitioners for of effectuating their removal. The petitioners challenged their detention on due process and other grounds. The Honorable LaShann DeArcy Hall held that §§ 1252(a)(5) and 1252(b)(9) jurisdictionally barred that challenge because the challenge was "'inextricably linked to' a removal order. *Sauceda Henriquez*, 2026 WL 111665, at *4 (quoting *Oriakhi*, 762 F. Supp. 3d at 185-86). Judge DeArcy

---

[3] Nine years after it enacted IIRIRA, Congress enacted the Real ID Act, Publ. L. 109-13 (May 11, 2005), which added language to §§ 1252(a)(2)(B) and 1252(g). But the language quoted above remains in those statutes.

[4] Accordingly, decisions that limited the § 1252(g) bar to challenges to discretionary conduct are incorrect. *Calderon*, 330 F. Supp. 3d at 955; *You,* 321 F. Supp. 3d 451, 457-58; *Torres-Jurado*, 2023 WL 7130898, at *2-3; *Gondal v. USDHS,* 343 F. Supp. 3d 83, 92 (E.D.N.Y. 2018) (Spatt, J.).

Hall also held that "a challenge to a petitioner's detention, following an order of removal, constitutes . . . an indirect challenge to an order of removal" that is precluded by §§ 1252(a)(5) and 1252(b)(9). *Id.* (citing *Delgado*, 643 F. F.3d at 55); *accord Lin*, 2025 WL 2158874, at *3-4, (relying on §§ 1252(a)(5), 1252(b)(9) and 1252(g)); *Ceesay v. Bondi*, 25-cv-3716, 2025 WL 1435615, at *2 (S.D.N.Y. May 16, 2025) (§ 1252(a)(5) bars an action for an order prohibiting ICE from detaining Ceesay for the purpose of removing him, because such an order "would . . . interfere with the execution of a lawful removal order"; *Rodriguez v. Warden* 2023 WL 2632200, at *4 (dismissing action "seek[ing] an end to [Rodriguez's] detention, which was undertaken for the precise purpose of effectuating his existing removal orders"); *Bumu v. Barr*, 20-cv-6742, 2020 WL 6465433, at * 3 (W.D.N.Y. Nov. 3, 2020) (§ 1252(a)(5) bars challenge to detention that "threaten[s] the execution of the removal order"); *Achbani v. Homan*, 3:17-cv-1512, 2017 WL 4227649, at *3-5 (D. Conn. Sept. 22, 2017) (dismisInsing claim for an order prohibiting ICE from detaining Achbani "in order to effectuate removal").

**B.     IF NOT JURISDICTIONALLY BARRED, PETITIONER'S REQUEST FOR RELEASE FROM DETENTION SHOULD BE DENIED**

Alternatively, the Court should deny Petitioner's request for release from detention because his detention is mandated by statute. Due to the reinstatement of his expedited removal orders, Petitioner is subject to the mandatory detention provisions of 8 U.S.C. §§ 1231(a)(5) and 1231(a)(2)(A). *See Rodriguez*, 2023 WL 2632200, at *2.  Section 1231 provides for a 90-day period of mandatory detention; that period is extended where, as here, "the alien . . . acts to prevent his removal. *Johnson v. Guzman Chavez*, 594 U.S. 523, 528-29 (2021); *see* 8 U.S.C.  1231(c). The Supreme Court has held that an alien may be detained for "a period reasonably necessary to bring about the alien's removal from the United States" -- a period that is presumptively six months long. *Zadvydas v. Davis*, 533 U.S. 678, 6898, 701 (2001).  *See Callender v. Shahahan*, 281 F. Supp.3d 428, 435 (S.D.N.Y. 2017) (the *Zadvyas* six-month period does not begin until ICE detains the alien).

As discussed in *Johnson v. Guzman Chavez*, 594 U.S. 523, 529–30 (2021), Congress has created an expedited process for aliens who reenter the United States without authorization after having already been removed. The relevant statutory provision states: "If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry." (citing § 1231(a)(5)); *see also Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 35 (2006).

In claiming that he would be eligible for "removal relief applications," Petitioner does not appear to contest that he has, in fact, been ordered removed. DE 1 at ¶ 24. Petitioner was provided with Form I-871, Notice of Intent/Decision to Reinstate Prior Order, which is sufficient to reinstate the removal order. *See Miller v. Mukasey,* 539 F.3d 159, 163 (2d Cir. 2008)("The summary procedure set forth in 8 C.F.R. § 241.8 is, therefore, quite appropriate when the only issues to be determined are those establishing the agency's right to proceed under INA § 241(a)(5)—the alien's identity, the existence of a prior removal order, and whether the alien has

unlawfully reentered. This bare investigation can be performed like any other ministerial enforcement action by an immigration officer, in lieu of an immigration judge.")(citing, *Garcia–Villeda v.Mukasey,* 531 F.3d 141, 148 (2d Cir. 2008).

As of the filing of this submission, Petitioner has been detained for 17 days – less than one-fifth of the 90-day removal period and less than one-tenth of the presumptive six-month period. He is thus not entitled to be released from confinement at this time or any time in the near future. This conclusion is especially appropriate because ICE has delayed effectuating his removal due to the stay of removal that he obtained in the Southern District, which has had the effect of prolonging his detention.

Thank you for Your Honor's consideration of this submission.

Respectfully submitted,

JOSEPH NOCELLA, JR.
UNITED STATES ATTORNEY

By:  /s/ Diane C. Leonardo
Diane C. Leonardo
Elliot M. Schachner
Assistant U.S. Attorneys
(631) 715-7854
diane.beckmann@usdoj.gov

Cc: Counsel of record by ECF